**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PARIS WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR DUNN, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:26-CV-00059<br><br>(MEHALCHICK, J.) |

**ORDER**

Plaintiff Paris Williams ("Williams") initiated this *pro se* action on January 13, 2026, by filing a complaint against Defendants Xavier Einhorn, Corporal Moyer, SR Ptlm Todd, Michael Shaheen, Sptlm Leonard, Sptlm Pratt, April Commodario, and Officer Taylor Dunn. (Doc. 1). On February 19, 2026, Magistrate Judge Sean A. Camoni granted Williams's application for leave to proceed *in forma pauperis*. (Doc. 5). On February 23, 2026, Williams filed an amended complaint against Defendants Officer Taylor Dunn ("Dunn"), the Honorable Sean Gallagher ("Judge Gallagher"), the Honorable Alyce Hailstone Farrell ("Judge Farrell"), and the Honorable Michael Barrasse ("Judge Barrasse") seeking 700 million dollars in compensation and removal of Judge Gallagher, Judge Farrell, and Judge Barrasse from their judicial positions. (Doc. 6). On April 27, 2026, Judge Camoni conducted a preliminary review of Williams's amended complaint and directed Williams to file a second amended complaint on or before May 26, 2026. (Doc. 8). Williams did not file a second amended complaint. (Doc. 9, at 1). On October 14, 2026, Judge Camoni screened the complaint in accordance with 28 U.S.C. § 1915(e)(2) and entered the instant report recommending the Court dismiss Williams's amended complaint (Doc. 6) because Williams fails to state a claim against Dunn and Judge Gallagher, Judge Farrell, and Judge Barrasse

are immune from suit. (Doc. 9).

According to Judge Camoni, Williams fails to state a claim against Dunn because he does not provide specific allegations against Dunn. (Doc. 9, at 5). Judge Camoni concluded that Williams's allegations are not legally cognizable because 1) Williams alleges Officer Dunn fabricated his arrest in violation of his constitutional rights, while stating he has never been arrested and 2) he mailed his filings from a county correctional facility, while maintaining he was never transported to prison. (Doc. 9, at 5). Based on these deficiencies, Judge Camoni found that Williams fails to state a claim against Dunn from which relief can be granted. (Doc. 9, at 5). Judge Camoni further found that Williams's allegations against Judge Gallagher, Judge Farrell, and Judge Barrasse were insufficient to defeat judicial immunity. (Doc. 9, at 6-7). Judge Camoni informed Williams that he had fourteen days to file an objection to the report and recommendation. (Doc. 9, at 8-9). Williams did not file a timely objection. As such, the Court will **ADOPT** the report and recommendation. (Doc. 9).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and

recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 9). **NOW, THEREFORE, IT IS HEREBY ORDERED** that Judge Camoni's report and recommendation (Doc. 9) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **DISMISSES** Williams's amended complaint (Doc. 6) **without prejudice**. The Court **DENIES** further leave to amend. The Clerk of Court is instructed to close this case.

**BY THE COURT:**

**Dated: November 19, 2026**

/s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**